IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN RICHARDSON,                          :

      Plaintiff,                         :

vs.                                       :      CIVIL ACTION 19-0024-KD-C

MOBILE COUNTY SHERIFF'S                    :
DEPARTMENT,
                                          :
      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff John Richardson, a former Mobile County Metro Jail ("jail") inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  Mr. Richardson's motion to proceed without prepayment of fees was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S).  As part of the motion's consideration, the undersigned is required to screen Mr. Richardson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).  After carefully screening the amended complaint (Doc. 4), it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.  Amended Complaint (Doc. 4 ).

The operative complaint in this action is Richardson's amended complaint.  (Doc. 4, PageID.23).  The Court ordered that he, and not his mother, file an amended complaint on this Court's § 1983 complaint form that does not rely on the original complaint, because the amended complaint will replace it, and to specify in the

amended complaint the precise date on which he was attacked by correctional personnel at the jail.  (Doc. 3 at 1, PageID.17).

In the amended complaint, Richardson sued the Mobile County Sheriff's Department (Sheriff's Department) as the sole defendant.  (Doc. 4 at 1, PageID. 23).  According to Richardson, he was assaulted while in jail by an unnamed correctional officer and was put in the "hole" for two weeks.  (*Id.* at 4, PageID.26).  "Everyone in the jail could see that [he] was assaulted, [but they] did not do anything, but watch it."  (*Id.*).  He still hurts internally from the assault.  (*Id.*).  For relief, he wants to make the "jailhouse" a better place so no one will experience what he went through and to have better corrections officers hired.  (*Id.* at 7, PageID.29).  In addition, he describes his claim against defendant Sheriff's Department as "correction office[r]s."  (*Id.* at 6, PageID.28).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Robinson is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).   A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is,
"[f]actual allegations must be enough to raise a right to relief above the speculative
level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]' that the
pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966
(second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678,
129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute
of limitations, appears on the face of a complaint, dismissal for failure to state a claim is
also warranted.  *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798
(2007).

When considering a *pro se* litigant's allegations, a court holds them to a more
lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262,
1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient
pleading in order to sustain an action."  *GJR Inv.  v. Cty. of Escambia, Fla.,* 132 F.3d 1359,
1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th
Cir. 2010).  Furthermore, a court treats as true factual allegations, but it does not treat as
true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S.
at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and
rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863
F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.  Analysis.

### A.  Mobile County Sheriff's Department Is an Unsuable Entity.

In screening the amended complaint, the undersigned finds several deficiencies on the face of the amended complaint that prevent this action from proceeding and thus require this action's dismissal.  These deficiencies will be addressed in turn.

Liability under § 1983 can only be imposed against an entity that is capable of being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held[.]"  FED.R.CIV.P. 17(b); *see Dean*, 951 F.2d at 1214.  Under Alabama law, an Alabama sheriff's department lacks the capacity to be sued.  *Id.* at 1214-15; *Williams v. Monroe Cty. Dist. Attorney,* 702 F. App'x 812, 814 (11th Cir. 2017) (unpublished);[1] *King v. Colbert,* 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield,* 582 So.2d 1085, 1087 (Ala. 1991).  Accordingly, defendant Mobile County Sheriff's Department is not a suable entity.  *Ferguson v. Houston Cty. Sheriff's Dep't*, 2010 WL 231573, at \*2 (M.D. Ala. 2010) (unpublished) (dismissing the claims against the sheriff's department as frivolous because the sheriff's department "is not a legal entity subject to suit or liability under § 1983").

### B.  Section 1983 Liability Against an Employer Cannot Be Based on an Employee's Actions.

Because Richardson describes his claim against the defendant Sheriff's Department as "correction office[r]s" (Doc. 4 at 6, PageID.28), the Court construes this as an attempt to hold defendant Sheriff's Department liable for the actions of a correctional officer or officers.  However, in a § 1983 action, liability against an employing entity or a supervisor cannot be based on an employee's or a subordinate's actions.  *See Monell v. Dep't of Social Serv.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978) (ruling the city could not be held liable either vicariously or under

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

the theory of *respondeat superior* for the acts of an employee in a § 1983 action); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding  supervisory officials are not liable on the basis of *respondeat superior* or vicarious liability for the acts of a subordinate in a § 1983 action).  "In order to be held liable for a § 1983 violation, a municipality[,employing entity, or supervisor] must be found to have itself caused the constitutional violation at issue."  *Clark v. Miller,* 2011 WL 777935, at *14 (S.D. Ala. 2011) (citing *Monell*, 436 U.S. at 694–95, 98 S.Ct. 2018); *see City of Canton, Ohio v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989) ("It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983.").  Thus, a claim against the Sheriff's Department based on the actions of unidentified correctional officers will not lie.  Such a claim lacks legal merit.  *Monell, supra.*

### C.  The Two-Year Statute of Limitations for a § 1983 Action.

Another deficiency in the amended complaint is based on the date of assault. Robinson specified the assault occurred in November 2015.  (Doc. 4 at 4, PageId.26).  In the Court's order requiring that he amend his complaint, the Court ordered him to be precise in identifying the date on which he was assaulted by correctional officers.  (Doc. 3 at 2, PageID.18).  The fact that the number of the day is not provided is not an issue. The problem arises because the assault occurred in 2015, albeit November.

This action for a violation of constitutional rights is brought under § 1983.  And the statute of limitations for a § 1983 action filed in Alabama is two years.  *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  A statute of limitations begins to run, (that is, when the cause of action accrues) when a "plaintiff[] knows or should know (1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury."  *Caldwell v.*

Downs, ___ F. App'x ____, 2019 WL 5152340, at *2 (11th Cir. 2019) (quoting *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003))(quotation marks omitted); *see Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

It is only when "extraordinary circumstances that are both beyond [a plaintiff's] control and unavoidable even with diligence," that a court will employ equitable tolling and excuse the untimely filing of a complaint. *Caldwell*, at *2. It is a plaintiff's burden to show the existence of extraordinary circumstances. *Id.*

Considering the tenor of Robinson's allegations, he knew of his injury at the time he was assaulted, or shortly thereafter, and that a correctional officer assaulted him. Even though Robinson knew of his claims in November 2015, or thereabouts, he did not file the present action until January 18, 2019. (Doc. 1). The filing of this action in January 2019 is well beyond the two-year period of limitations from when his claims accrued in November 2015. And no information is provided in the amended complaint that would cause the Court to find that the application of equitable tolling is warranted because no extraordinary circumstances are alleged that caused the untimely filing of this action that were "both beyond his control and unavoidable even with diligence." *Caldwell,* at *2. To the contrary, he let the Court know that he previously filed a prior action in state court over this incident on November 29, 2017, *Richardson v. Mobile County Sheriff's Department,* CV-217-000313.00, which was dismissed by Judge Stewart on September 5, 2018 for failure to prosecute.[2] (Doc. 4 at 3, PageID.25). He claims that

---

[2] The documents attached to the original complaint reflect that Judge Stewart dismissed *Richardson Emogene v. Mobile County Sheriff's Department,* CV-2017-000313.00, on September 5, 2018 for failure to prosecute with leave granted to reinstate. (Doc. 1 at 10, PageID.9).

he has "been ready to prosecute from day one."  Accordingly, this § 1983 action is barred by the two-year statute of limitations and is due to be dismissed for failure to state a claim.  *Jones,* 549 U.S. at 215, 127 S.Ct. at 920-21 (observing that the basis for dismissal on statute of limitations' grounds is for failure to state a claim).

### D.  Injunctive Relief Request Is Moot.

Furthermore, the relief sought by Robinson – improve the jail and hire better officers - is an injunctive relief request.  (Doc. 4 at 7, PageID.29).  Once an inmate is no longer subject to the conditions about which he complains, either through transfer or release, his "claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy[.]"  *Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir.) (citing *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)), *cert. denied*, 488 U.S. 1046 (1989); *see Hathcock v. Cohen,* 287 F.App'x 793, 799 (11th Cir. 2008) (unpublished) (same).  As a consequence, such claims are dismissed as moot.  *Id.*[3]

### IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[4]

---

Subsequently, on January 13, 2019, a motion to reopen was denied by Judge Stewart for failure to state why the case was not diligently prosecuted.  (Doc. 1 at 8, PageID.8).

[3] In the original complaint, which was replaced by the amended complaint, the relief requested was for the correctional officers to be brought to justice and held accountable for their actions. (Doc. 1 at 2, PageID2).  This type of relief is also not available in this civil action but for other reasons.  "[A] private citizen has no judicially cognizable interest in the [criminal] prosecution or non-prosecution of another."  *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). "A decision to prosecute is within the United States Attorney's substantial discretion[.]"  *U.S. v. Ballard,* 779 F.2d 287, 295 (5th Cir.), *cert. denied*, 475 U.S. 1109 (1986).  And "[a]s a general rule, the courts are not free to interfere with the prosecuting officer's discretionary decision to prosecute crime."  *U.S. v. Spence,* 719 F.2d 358, 361 (11th Cir. 1983).

[4] The Court examined its docket for other actions filed by Richardson and discovered *Richardson v. Berryhill*, CA 18-0222-TFM-N (S.D. Ala. Mar. 29, 2019).  In that *pro* se action, the District Court

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an

---

reversed and remanded the ALJ's denial of supplemental security income.  (Doc. 24).   The report and recommendation, adopted by the District Court, reflected:

> At Step One, the ALJ determined that Richardson had not engaged in substantial gainful activity since the alleged disability onset date, November 2, 2015.  (R. 18).  At Step Two, the ALJ determined that Richardson had the following severe impairments: left side weakness, seizures, and possible borderline intellectual functioning.  (R. 18).

(Doc. 23 at 8, PageID.503).  In addition, Richardson produced a letter of June 23, 2017 from Franklin Primary, which states:

> John Richardson is followed in our clinic for post traumatic intracranial injury and hemorrhage with residual L-sided weakness.  He also has epilepsy following this intracranial injury/hemorrhage.  He has mild retardation at baseline superimposed with probable ADHD.  These conditions limits [sic] his ability to be employed.  He is in the process of apply [sic] for disability and I will appreciate any assistance you can give time [sic] If you require additional information please contact our office. . .

(*Id.* at 11, PageID.506) (brackets in original).

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE and ORDERED this 30 day of October, 2019.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**